IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-425-D

| | | |
|---|---|---|
| PAUL L. LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On August 12, 2011, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") [D.E. 20]. In that M&R, Judge Webb recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E. 37], grant defendant's motion for judgment on the pleadings [D.E. 39], and affirm the final decision of defendant. On August 26, 2011, plaintiff filed objections to the M&R [D.E. 43]. On September 9, 2011, defendant responded [D.E. 44] to plaintiff's objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Administrative Law Judge ("ALJ") analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

This court agrees with Judge Webb's thorough analysis and adopts it as its own. Plaintiff's objections lack merit and are overruled.

In sum, the court adopts the M&R [D.E. 42]. Plaintiff's motion for judgment on the pleadings [D.E. 37] is DENIED, defendant's motion for judgment on the pleadings [D.E. 39] is GRANTED, and defendant's final decision is AFFIRMED.

SO ORDERED. This 9 day of September 2011.

JAMES C. DEVER III
United States District Judge

2